[Civ. No. 2702. Second Appellate District.—November 7, 1918.]

THE PEOPLE ex rel. MAX SIMONS, Appellant, v. F. W. BUNNELL, Police Judge of the City of Bakersfield, Respondent.

APPEAL—ALTERNATIVE METHOD—TRANSCRIPT.—On appeal from a judgment denying a peremptory writ of mandate against a judge of a police court, where the transcript, purporting to be prepared under the alternative method permitted by sections 953a–953c of the Code of Civil Procedure, contains, in addition to a certified copy of the judgment-roll and notice of appeal, a statement, certified by the clerk, of testimony and proceedings in the police court purporting to have been received in evidence in the superior court, the transcript is not, as to such additional matter, duly certified, it not having been transcribed by the court reporter, and not appearing to have been duly certified by the judge of the superior court.

ID.—GROUNDS OF REVERSAL NOT SHOWN.—Where grounds of reversal, relied upon by the appellant in such case, cannot be examined without referring to a record purporting to have been made in the police court, and the transcript showing that record as evidence received in the superior court has not been settled by the judge of the superior court who tried the case, no grounds for reversal appear, and the judgment will be affirmed.

APPEAL from a judgment of the Superior Court of Kern County, denying a peremptory Writ of Mandate. Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

E. A. Klein, for Appellant.

Walter Osborn and Leon French, for Respondent.

CONREY, P. J.—This is an appeal from a judgment denying plaintiff's application for a peremptory writ of mandate. There is no printed transcript. The appellant has not printed with his brief any part of the contents of the transcript. The transcript is described on its title page as "Clerk's Transcript prepared under Sec. 953a, C. C. P." Pages 1 to 28 contain the judgment-roll, together with the clerk's certificate thereto. Page 29 purports to be a copy of the notice of appeal, and pages 30 to 118 purport to contain a statement of testimony

received in the trial of. a criminal action before the police court of the city of Bakersfield, in which court respondent Bunnell, as police judge, presided, together with certain instructions to a jury and a copy of docket entries and of the complaint in said action in the police court. Page 119 is a certificate by the clerk of the superior court covering both the judgment-roll and said subsequent documents, all of which the clerk certifies were prepared in accordance with the provisions of section 953a of the Code of Civil Procedure.

Considering the transcript as one which the appellant attempted to have prepared under the alternative method of appeal described in sections 953a, 953b, and 953c of the Code of Civil Procedure, it is not (except as to the judgment-roll) a duly certified transcript, since it was not transcribed by the court reporter, and the truth and correctness thereof does not appear to have been certified by the judge of the superior court.

The brief for appellant shows that he is relying upon claimed grounds for reversal the merits of which could not be ascertained without referring to the contents of said purported record made in the police court. As pointed out above, the transcript showing that record as evidence received in the superior court has not been settled by the judge who tried the case in. which this appeal is taken, and for that reason alone, if for no other, no grounds for reversal appear.

The judgment is affirmed.

James, J., and Myers, J., *pro tem.*, concurred.